IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY C. COOKS[1]                                                                    PLAINTIFF

vs.                                          Civil No. 4:07-cv-04114

MICHAEL J. ASTRUE                                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Bobby C. Cooks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed this application for SSI on December 2, 2004.  (Tr. 47-50).  Plaintiff alleged he was disabled due to back problems, carpal tunnel syndrome, prostate problems, and "mental"

---

[1] Plaintiff's medical records and the ALJ's opinion in this case indicate that Plaintiff's last name is "Cooks," not "Cook" as reflected in Plaintiff's Complaint.  (Doc. No. 1).  Therefore, this Court will refer to Plaintiff as "Cooks," not "Cook."

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

problems. (Tr. 80). At the administrative hearing, Plaintiff also testified that he had high blood pressure. (Tr. 488). Plaintiff alleged an onset date of January 1, 1999. (Tr. 80). These applications were denied initially on June 22, 2005 and were denied again on reconsideration on March 2, 2006. (Tr. 34-37).

On April 6, 2006, Plaintiff requested an administrative hearing on his application. (Tr. 29). This hearing was held on January 18, 2007 in Texarkana, Arkansas. (Tr. 472-498). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff, Plaintiff's mother (Willie Roberts), and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed high school and some vocational school. (Tr. 475).

On April 5, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1999, his alleged onset date. (Tr. 21, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative changes in his thoracic spine, most prominent at T11-12; minimal degenerative changes in his lumbar spine with no evidence of acute trauma or bone destruction; and bipolar disorder.[3] (Tr. 21, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 21, Finding 2).

---

[3] The ALJ also determined that Plaintiff had the non-severe impairments of bilateral carpal tunnel syndrome by history and hypertension (controlled with medication). (Tr. 21).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 21, Findings 3-4). At the administrative hearing, Plaintiff claimed he suffered from drowsiness and nightmares as side effects to Seroquel (Tr. 477), Plaintiff claimed he had problems "getting along with other people" (Tr. 478), Plaintiff claimed he had thoughts of suicide (Tr. 479), Plaintiff claimed he suffered from mood swings (Tr. 479), and Plaintiff claimed he heard voices (Tr. 479). Plaintiff also claimed that his problems with his hands prevented him from working because he could not grip or hold things in his hands (Tr. 486-487) and that his back problems prevented him from working because he had to "strain sometimes from standing too long and bending in a certain position." (Tr. 486-488).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 13-20). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations: "[t]he claimant's subjective allegations are not borne out by the overall record and are found not to be fully credible to the extent alleged." (Tr. 21, Finding 3). The ALJ based this determination on several different findings, including the following: (1) Plaintiff's very restricted daily activities appeared to be voluntarily limited and were not limited as a result of any functional restrictions due to his impairments; (2) Plaintiff's medical records did not corroborate the degree of functional limitation he alleged; (3) Plaintiff's treating physicians did not place the level of limitation on him that he alleged; (4) Plaintiff had a long history of not following a prescribed course of treatment; (5) Plaintiff never sought out nor had aggressive medical treatment nor surgical intervention for disabling pain; and (6) Plaintiff's medical records indicated that Plaintiff had never been prescribed aggressive pain medication. (Tr. 13-20).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. (Tr. 13-20). Specifically, the ALJ determined Plaintiff retained the following RFC:

> The claimant does retain the residual functional capacity for at least the wide range of the medium work activity which involves lifting no more than forty pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. The claimant is capable of standing and/or walking a total of 6 hours per 8-hour workday, and sitting a total of about 6 hours per 8-hour workday. If someone can do medium work, we determine that he or she can also do sedentary or light work activity (20 CFR 404.1567(c)).

(Tr. 22, Finding 6). *See* 20 C.F.R. § 416.967(c) (2008).

The ALJ then determined Plaintiff did not have any Past Relevant Work ("PRW") but would be able to perform work existing in significant numbers in the national economy. (Tr. 22, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 493-497). Specifically, the VE testified that a hypothetical individual the same age as Plaintiff and with the same RFC, education, and past work experience would be able to perform work in the poultry processing industry as a poultry eviscerator, poultry dresser, and poultry boner with over 20,000 such jobs in the region and 250,000 such jobs in the national economy. (Tr. 22, Finding 10; 494-495).

On April 9, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6). *See* 20 C.F.R. § 404.968. On November 6, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On December 3, 2007, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 11, 2007. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's credibility determination is not supported by substantial evidence in the record; (B) the ALJ's RFC determination is not supported by substantial evidence in the record; (C) the ALJ's reliance on the VE's testimony is not supported by substantial evidence in the record; and (D) the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 1-5). In response, Defendant argues that the ALJ properly assessed and discounted Plaintiff's credibility for legally-sufficient reasons, that substantial evidence supports the ALJ's RFC determination, and that substantial evidence supports the ALJ's Step Five determination that Plaintiff could perform other work existing in significant numbers in the national economy. (Doc. No. 8, Pages 4-20). This Court

will address each of these arguments.[4]

### A. Credibility Determination

Plaintiff argues the ALJ erred by discounting his subjective complaints. (Doc. No. 7, Pages 3-4). Plaintiff claims he suffers from prostatitis, degenerative changes in his thoracic spine (most prominent at T11-12), minimal degenerative changes in his lumbar spine, and psychological problems. *See id.* Plaintiff claims these impairments are supported by the record, and the ALJ should have credited his subjective complaints regarding those impairments. *See id.*

In response, Defendant claims the ALJ properly assessed Plaintiff's credibility and discounted his subjective complaints for legally-sufficient reasons. (Doc. No. 8, Pages 4-9). Specifically, Defendant argues that the ALJ properly considered the following: (1) the lack of objective medical evidence supporting Plaintiff's subjective complaints; (2) Plaintiff's work in prison for nine years issuing clothing to new inmates; (3) Plaintiff's noncompliance with his scheduled appointments for treatment and with his medication; (4) Plaintiff's daily activities; and (5) Plaintiff's failure to seek aggressive medical treatment for his alleged disability. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[4] However, because Plaintiff's first argument regarding Plaintiff's subjective complaints is the same as his fourth argument, this Court will address Plaintiff's first and fourth arguments at the same time under "A. Credibility Determination."

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ thoroughly analyzed Plaintiff's subjective complaints of disabling pain and other limitations pursuant to the requirements of *Polaski.* (Tr. 13-20). Specifically, after evaluating the *Polaski* factors, the ALJ based his credibility determination upon

8

several different findings, including the following: (1) Plaintiff's very restricted daily activities appeared to be voluntarily limited and were not limited as a result of any functional restrictions due to his impairments; (2) Plaintiff's medical records did not corroborate the degree of functional limitation he alleged; (3) Plaintiff's treating physicians did not place the level of limitation on him that he alleged; (4) Plaintiff had a long history of not following a prescribed course of treatment; (5) Plaintiff never sought out nor had aggressive medical treatment nor surgical intervention for disabling pain; and (6) Plaintiff's medical records indicated that Plaintiff had never been prescribed aggressive pain medication. *See id.* The ALJ's credibility determination is entitled to deference, *see Cox v. Barnhart,* 471 F.3d at 907, and these findings are sufficient to satisfy the requirements of *Polaski*. *See Lowe,* 226 F.3d at 971-72. Accordingly, this Court finds that the ALJ's credibility determination should be affirmed. *See Kittler v. Astrue,* No. 06-2225, 2007 WL 1390639, at *1 (8th Cir. 2007) (holding that because the ALJ gave multiple valid reasons for finding the claimant's subjective complaints not entirely credible, the court should defer to those credibility findings).

### B. RFC Determination

Plaintiff claims the ALJ erred in determining Plaintiff's mental RFC. (Doc. No. 7, Page 4). Specifically, Plaintiff claims that he suffers from antisocial personality disorder and a GAF of 50 and that, with those limitations, he would be unable to perform *any jobs*. *See id.* Plaintiff claims the VE's testimony supports this claim. *See id.* In response, Defendant argues that substantial evidence supports the ALJ's RFC determination. (Doc. No. 8, Pages 9-17). Defendant argues that the ALJ's determination regarding Plaintiff's mental RFC is supported by the opinions of state agency medical consultants and by the findings of two different psychiatrists, Drs. Seidel and Allawala. *See id.* Defendant also argues that the ALJ properly discounted the opinions of Ms. Mary P. Stanley, Ms.

9

Carla P. Ward, and Dr. Betty J. Feir, Ph.D. *See id.*

After reviewing the record in this case, this Court finds the ALJ did not err in evaluating Plaintiff's mental RFC. Several different sets of medical records relate to Plaintiff's treatment for his alleged psychological disability: (1) treatment records from Christus Medical Family Clinic dated from November 10, 2004 until February 3, 2006 (Tr. 257-301); (2) consultative examination report from Dr. Betty J. Feir, Ph.D. dated February 7, 2006 (Tr. 302-307); and (3) treatment records from Southwest Arkansas Counseling and Mental Health Center, Inc. dated from April 1, 2004 and December 18, 2006. (Tr. 361-471).

### 1. Christus Medical Family Clinic

The treatment records from Christus Medical Family Clinic of Texarkana were completed by Ms. Mary P. Stanley, an Adult Nurse Practitioner. (Tr. 257-301). These records reflect that Plaintiff suffers from several different mental impairments, including a history of schizophrenia. (Tr. 296). These records also establish, however, that Plaintiff has had a very poor history of keeping his appointments. (Tr. 257-261). Plaintiff was listed as a "no show" on February 3, 2006, October 26, 2005, September 7, 2005, and July 18, 2005. *See id.*

Furthermore, during his most recent appointment with Ms. Stanley on July 6, 2005, Plaintiff did not report suffering from any psychological problems. (Tr. 262-264). He was reportedly "alert, oriented X 3, cooperative, appropriate[ly] dress[ed]" and had a "full range of affect." *See id.* Finally, even assuming Ms. Stanley's records *did establish* that Plaintiff was disabled due to his psychological problems or due to a mental impairment, the ALJ was not bound to accept those findings because Ms. Stanley is not a licensed physician. *See* 20 C.F.R. § 404.1513 (stating that only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists,

and qualified speech-language pathologists are "[a]cceptable medical sources").

### 2. Consultative Report from Dr. Betty J. Feir

On February 7, 2006, Dr. Feir examined Plaintiff during a consultative examination. (Tr. 302-307). Dr. Feir determined that Plaintiff had two or more areas with significant limitations in adaptive functioning, suffered from "bipolar disorder by history" and "schizophrenia by history," and had a GAF score of 45. *See id.* In his opinion, the ALJ discounted Dr. Feir's findings, stating that her opinions were not well-supported by medically acceptable clinical and laboratory diagnostic techniques and were "inconsistent with other substantial evidence of record." (Tr. 17). The ALJ also noted, based upon his review of the record, that it appeared as though Dr. Feir took Plaintiff's subjective allegations "at face value." (Tr. 17).

This Court finds the ALJ properly discounted Dr. Feir's opinions. As an initial matter, it is important to note the ALJ is entirely free to accept or reject the opinion of a consulting physician. *See* 20 C.F.R. § 404.1527(d) (noting that the ALJ must evaluate the weight of medical opinions based upon several different factors and noting that only a treating physician's opinion may be entitled to *controlling weight*). As the ALJ properly concluded, Dr. Feir's opinions appear to be based upon an uncritical acceptance of Plaintiff's subjective complaints. Dr. Feir did not perform any diagnostic testing, apart from a very basic assessment of Plaintiff's intellectual functioning. (Tr. 302-307). Furthermore, as noted throughout this opinion, Dr. Feir's findings are inconsistent with other substantial evidence in the record, including the findings of Ms. Stanley (as noted above).

### 3. Southwest Arkansas Counseling and Mental Health Center

Plaintiff was also treated at the Southwest Arkansas Counseling and Mental Health Center, Inc. (Tr. 361-471). Specifically, at this Center, he was treated by therapist Carla P. Ward, MSLAC, by psychiatrist Dr. Shahzad Allawala, M.D., and by psychiatrist Dr. Marianne Seidel, M.D. *See id.*

These treatment records date from 2004 until 2006. (Tr. 361-471). Each of the findings of Ms. Ward, Dr. Allawala, and Dr. Seidel will be addressed individually.

### (a) Carla P. Ward, MSLAC

Ms. Ward, a therapist, treated Plaintiff for his psychological problems from 2005 until 2006. (Tr. 361-376, 391-404, 443-462). On May 19, 2006, in a letter to Plaintiff's attorney, Ms. Ward reported that she would "support the concept of Mr. Cooks receiving disability benefits mainly because of his antisocial tendencies." (Tr. 361). Ms. Ward also stated that her concern for Plaintiff "lies with his thought content." *See id.*

In evaluating Ms. Ward's opinion, the ALJ determined that her opinion as a therapist was not persuasive. (Tr. 18-19). The ALJ noted that Ms. Ward was a "non psychologist, psychiatrist, and non medical doctor" and that it appeared Ms. Ward's opinions were based upon an uncritical acceptance of Plaintiff's subjective complaints. (Tr. 18-19). The ALJ also noted that Ms. Ward's opinion regarding Plaintiff's status as possibly *disabled* was not entitled to any weight because the determination of whether a claimant is disabled is left to the discretion of the SSA. (Tr. 18-19).

This Court finds the ALJ did not err in discounting Ms. Ward's opinion regarding Plaintiff's alleged disability. As properly noted by the ALJ, Ms. Ward is not a physician or other acceptable medical source for establishing a disability. *See* 20 C.F.R. § 404.1513 (stating that only licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are "[a]cceptable medical sources"). Additionally, although she may consider Plaintiff to be disabled, her determination and definition of "disability" are not binding on the SSA. *See* 20 C.F.R. § 404.1527(e)(1) (stating that the determination of disability is reserved for the Commissioner). Therefore, the ALJ was free to disregard the opinion of Ms. Ward.

### (b) Dr. Shahzad Allawala

Plaintiff was treated by Dr. Allawala, a psychiatrist, in 2005 and 2006. (Tr. 377-385, 419-434). Dr. Allawala's treatment records reflect that Plaintiff missed almost all of his appointments with Dr. Allawala. (Tr. 377 ). On August 1, 2005, August 10, 2005, September 7, 2005, December 9, 2005, December 12, 2005, January 25, 2006, February 15, 2006, May 22, 2006, June 7, 2006, February 15, 2006, January 25, 2006, October 12, 2006, and October 30, 2006, Plaintiff failed to keep his appointment with Dr. Allawala. (Tr. 377, 379, 381-383, 420-423, 426, 428, 430, 431- 432).

On January 9, 2006, Dr. Allawala also reported that due to Plaintiff's "noncompliance history and noncompliance with the appointments," he was offered voluntary hospitalization. (Tr. 378). Plaintiff, however, refused, stating that he had "to go to his parole officer,""to do a lot of stuff," and"to take care of his financial problems." *See id.* As demonstrated by these records, Plaintiff clearly failed to seek medical treatment and failed to follow his prescribed course of treatment. Accordingly, based upon the records from Dr. Allawala, Plaintiff is not entitled to social security benefits. *See Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997) (noting that impairments that are controllable or amenable to treatment do not support a finding of disability and that an individual's failure to follow a prescribed course of treatment without good reason is grounds for denying an application for benefits)(citation omitted).

### (c) Dr. Marianne Seidel

Plaintiff was treated by Dr. Seidel, a psychiatrist, in 2004 and 2005. (Tr. 386-390, 406-410, 435-442). On February 14, 2005 and June 10, 2005, Plaintiff failed to keep his appointments with Dr. Seidel. (Tr. 386, 389, 406, 435, 438). This failure, coupled with his consistent failure to seek

13

treatment with Dr. Allawala, demonstrate his failure to seek medical treatment and to follow his prescribed course of treatment. Because of this consistent failure, this Court finds the ALJ did not err by finding Plaintiff was not disabled and did not err in evaluating Plaintiff's RFC. *See Kisling,* 105 F.3d at 1257.

### C. Step Five Determination

Plaintiff claims the ALJ erred by relying on the VE's testimony in response to his hypothetical questions. (Doc. No. 7, Page 4). Specifically, Plaintiff claims the ALJ failed to incorporate Plaintiff's psychological problems in the hypothetical questions he used to determine Plaintiff was not disabled. *See id.* In response, Defendant claims that substantial evidence supports the ALJ's Step Five determination that Plaintiff could perform other work existing in significant numbers in the national economy. (Doc. No. 8, Pages 17-20). Defendant claims the ALJ properly included Plaintiff's RFC, age, education, and past relevant work experience in his hypothetical to the VE and that the VE's response to that hypothetical provides substantial evidence supporting the ALJ's disability determination. *See id.*

This Court finds the ALJ did not err in relying upon the VE's response to his hypothetical questions. During the administrative hearing on January 18, 2007, the ALJ asked the VE whether a hypothetical individual the same age and with the same education, work experience, and RFC as Plaintiff would be able to perform other work existing in the regional or national economy. (Tr. 493-495). In response to this hypothetical, the VE testified that there were several jobs existing in the national economy that Plaintiff could perform. *See id.* Based upon this testimony, the ALJ determined Plaintiff was not disabled. (Tr. 22, Findings 10-11).

Because the ALJ included in his hypothetical questions to the VE all the impairments he

14

found credible and because the ALJ's RFC determination is otherwise supported by substantial evidence in the record, *See* Discussion, *supra,* the ALJ did not err in relying on the VE's response to these hypothetical questions. *See Robson v. Astrue,* 526 F.3d 389, 392 (8th Cir. 2008) (holding that the VE's response to a properly-phrased hypothetical satisfies the ALJ's burden of showing that the claimant can perform other work).

Furthermore, The ALJ was not required to include Plaintiff's claimed psychological problems in his hypothetical questions to the VE. Since the ALJ did not find those problems credible in his assessment of Plaintiff's RFC, the ALJ was not required to include them in his hypothetical questions. As held repeatedly by the Eighth Circuit, an ALJ is only required to include in his or her hypothetical questions those impairments that he or she finds credible. *See Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (holding that the ALJ was only required to include in his hypothetical questions those limitations and impairments supported by the record as a whole).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and must be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 5th day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE